. A. B. CAVIEL v. R. H. COLEMAN.

No. 2622.

1.  **Public Schools—Power of County Judge.**—Where in a county in which. the "community system" has not been superseded by the district system a contract between the teacher and the trustees, approved by the county judge, can not afterwards be modified or reformed by the county judge alone without the consent of the teacher.

2.  **Mandamus.**—Where a contract and services under it are shown by a teacher the county judge can not refuse his approval of the vouchers issued to the teacher for pay for such services. On refusal by the county judge the teacher is entitled to the: writ of mandamus compelling such approval.

APPEAL from Victoria. Tried below before Hon. H. Clay Pleasants.

This is an appeal from a judgment of the District Court refusing a. writ of mandamus at suit of appellant. There is no question upon the pleadings. The findings of fact and of law by the court are as follows:

"The trustees of Garcitas Colored School Community No. 6, of the county of Victoria, contracted with the plaintiff to teach the school of that community for the year beginning September 1, 1887, at sixty dollars per month; that the school was taught by the complainant for the period alleged by him; that he taught the school in compliance with the contract and in conformity to the rules and regulations prescribed by law and the State Superintendent, and that his vouchers were approved by the school trustees; that the contract attached to and made part of the complainant's petition, together with the two papers set out in the statement of facts and intended as duplicates of the first, were presented to respondent before the school was commenced, and each of said papers. was then endorsed by respondent 'approved' over his official signature, and that respondent may have intended to approve and believed that he was approving a contract for fifty and not for sixty dollars; and that when the first voucher was presented in January, 1888, to the respondent for his approval he refused to approve it on the ground that the contract was for fifty dollars, and he then offered to approve a voucher for that amount, and upon the refusal of the complainant to accept this proposition he was then notified by respondent that unless he could teach the school for fifty dollars per month he had better resign his position as he (respondent) would not approve a voucher from the trustees for more than fifty dollars."

The conclusions of law upon the above facts were that the facts which would authorize in a given case the issuance of a peremptory writ of mandamus must be clear and indubitably established, and that since there: is a doubt in the mind of the court whether the contract was approved by respondent for fifty or sixty dollars the writ should be refused.

*A. S. Thurmond,* for appellant.—1. The county judge has no au--

thority to make a contract with one to teach a public school, nor has he authority to arbitrarily change a contract made between the teacher and trustees.   He may approve or disapprove a contract made by the trustees with the teacher, and nothing more or less.   Sayles's Civ. Stats., art. 3735; Blacks. Com., vol. 2, sec. 82; Meyer v. Carolan, 9 Texas, 250; Bledsoe v. Int. R. R. Co., 40 Texas, 537; Sansom v. Mercer, 68 Texas, 488, and cases there cited; Caldwell Co. v. Harbart, 68 Texas, 321; High on Ex. Legal Rem., sec. 104.

2.   An agreement under which one teaches a public free school is not a contract unless such agreement is made by the trustees with the teacher. The contract made by the trustees with the teacher to be complete must be approved by the county judge, but the contract, the agreed stipulations, must be made between the teacher and trustees.   After approval the county judge can not alter it.   Sayles's Civ. Stats., arts. 3735, 3750, and 3772.

3.   This is as much a civil case as any other tried in the District Court, and the weight and preponderance of the testimony governs; and while it is the rule that where the court is left to exercise the functions of the jury if there is evidence to support the finding of the court upon the facts the Supreme Court will not disturb such finding, yet to justify the enforcement of this rule there must be evidence sufficient to support the conclusions of the court.   Same articles of Sayles's Statutes as heretofore cited; Kasling v. Morris, 71 Texas, 584; High on Ex. Legal Rem., secs. 8, 430.

*C. F. Carsner,* for appellee.— 1.   In every case tried before the court or a jury where there is sufficient evidence to support the judgment or verdict the Supreme Court will not disturb the judgment or verdict, on the grounds that the lower court or jury have a better opportunity and are better qualified to pass upon or judge of the credibility of the witnesses and the weight to be given to their testimony; and we submit that the facts in this case sustain the court in its conclusions.   I. & G. N. R. R. Co. v. Hassell, 62 Texas, 260; I. & G. N. R. R. Co. v. Dawson, 62 Texas, 262; G. H. & S. A. R. R. Co. v. Bracken, 59 Texas, 75.

2.   Before the court would be authorized to issue a peremptory writ of mandamus the facts must be clearly and indubitably established, and the act complained of must be purely a ministerial act, one which requires the exercise of neither judgment or discretion; and the duty of approving a school voucher by the county judge requires the exercise of both discretion and judgment.   Acts of Leg. 1884, ch. 25, sec. 43, p. 46; Arberry v. Beavers, 6 Texas, 457; Com. Gen. Land Office v. Smith, 5 Texas, 471; High on Ex. Legal Rem., sec. 9.

3.   Though mandamus is the proper remedy to enforce the performance of purely a ministerial act when there is no other legal remedy, yet

the converse of that proposition, that when there is no other legal remedy the writ of mandamus may always be resorted to, is not true.    Ewing v. Cohen, 63 Texas, 482.

HENRY, ASSOCIATE JUSTICE. — Appellant petitioned the District Court for a writ of mandamus requiring appellee as county judge to approve certain vouchers issued to him by the trustees of a school community for his salary as teacher of a public school.    From a judgment refusing the writ he prosecutes this appeal.

Victoria is one of the counties exempted from the district system of public schools.    The trustees of the school community entered into a written contract with appellant, employing him teach a public school for a year, beginning on the 1st day of September, 1887, at a salary of $60 per month.    Three copies of the contract were signed by the trustees and the teacher.    Two of them were approved by the county judge and delivered, one to the teacher and the other to the trustees.    One copy was retained by the county judge, and does not seem to have been signed by him.    The unsigned one was offered in evidence at the trial.    This copy in the body, like the others, contains the promise to pay the teacher $60 per month, but the unsigned approval coming after the signatures of the teacher and trustees is for $50 per month.

There is no evidence in the record to show that the teacher or trustees knew of the difference in the amount until after the contract had been partly performed by the teacher; nor is there anything to show when the qualified approval was in fact written upon it.

The school was taught for five months and thirteen days.    About two months after the school was begun the teacher presented to the county judge a voucher signed by the trustees for $60—one month's salary.    Appellee refused to approve it.    He then stated to the teacher that he had not intended to sign the contract for over $50, and that if he was not willing to teach for that he would have to close the school.    Appellant continued the school, declining to receive the diminished salary, and having taught five months and a fraction presented to the county judge for his approval six vouchers, duly signed by the trustees, for the sums stipulated in the contract.    The county judge refused to approve any of them.

Appellee testified that he only intended to sign the contract for $50 per month and that his signing for more was an oversight.

The act to establish and maintain a system of public free schools, passed February 4, 1884, provides for two systems—one known as the district, the other as the community system.    Such counties as are placed by the Legislature in the community system are expressly exempted from the district system when its provisions are in conflict with special requirements of the community system.

The amount of salaries to teachers is limited by both systems, and the

limit is the same in both as regards the highest salary to be paid. In the district system no rule is provided for fixing the salary within the given limit except that the "trustees shall have the power to employ teachers," and that the county judge "shall approve all contracts between teachers and trustees," and "shall approve all vouchers against the school fund of his county."

Under the community system it is provided that "trustees shall make contracts with teachers, and in making them shall base their contracts with the teachers on the basis of the number of pupils within the scholastic age," etc.; and that "trustees in making contracts with teachers shall determine the salary to be allowed or wages to be paid upon the following rates of tuition." Following this language a rate per capita per month is prescribed, not to exceed a given sum per month.

It is further provided under this system that "the amount contracted by trustees to be paid a teacher shall be paid on a check drawn by a majority of the trustees on the county treasurer and approved by the county judge. The check shall in all instances be accompanied by the affidavit of the teacher that he is entitled to the amount specified in the check as compensation under his contract as a teacher."

The petition in this case and the exhibits attached show that a contract was made and checks drawn in favor of the teacher as prescribed by law. The petition avers that these checks were presented "as is required by law" for the approval of the county judge. The answer of the defendant evidences that the sole ground upon which he declined to approve the checks was his belief that he had the power under the law to modify and reform the agreement between the trustees and teacher.

We think this view of the law is incorrect. The general act expressly requires the approval of both the contract and the voucher by the county judge. The requirement of his approval of the voucher or check is preserved in the sections relating to community schools. The omission in these sections of the clause with regard to his approval of the contracts while that relating to the vouchers is retained evidences we think that the Legislature did not intend to confer the power on him of controlling the contract.

If it was necessary for the county judge to approve the contract then the uncontradicted evidence in this case shows that he did so. The general statement that he signed the agreement by a mistake or oversight amounts to nothing. To allow the views of appellee to prevail is to allow him not only to abrograte the written contract but to set up another and a different one never consented to by the other contracting parties.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion January 29, 1889.