### RHODA BURLEW v. J. A. SCHILLER ET AL.

Decided December 20, 1905.

**Liquor Dealer's Bond—Suit by Wife.**

A wife, not joined by her husband, may maintain action upon a liquor dealer's bond for selling to him, an habitual drunkard, though she has given no written notice not to sell to him; being the "person aggrieved," she is authorized to sue by the terms of the statute, whether the recovery would be community property or her separate estate. Wartetsky v. McGee, 30 S. W. Rep., 69, contra, will not be followed.

Error from the District Court of Williamson County. Tried below before Hon. V. L. Brooks.

*Dan S. Chesser* and *D. W. Wilcox*, for plaintiff in error.—Cause of action on liquor dealers bond growing out of sale or gift of intoxicating liquors to husband, who is an habitual drunkard, is separate property of wife. Nickerson v. Nickerson, 65 Texas, 284; Wright v. Tipton, 92 Texas, 168; Hahn v. Goings, 22 Texas Civ. App., 576; Tipton v. Thompson, 21 Texas Civ. App., 144; Tarkington v. Brunett, 51 S. W. Rep., 274.

*Posey & Sheffield, W. W. Nelms* and *Cooper Sansum*, for defendants in error.—A married woman living with her husband can not maintain or prosecute a suit or recover a judgment upon a violation of a liquor dealer's bond unless joined by her husband. Sayles' Texas Civil Statutes, art. 3380; Wartelsky v. McGee, 10 Texas Civ. App., 220, and cases there cited; Edrington v. Newland, 57 Texas, 634; Texas Cent. Ry. Co. v. Burnett, 61 Texas, 638; Middlebrook v. Zapp, 73 Texas, 29.

FISHER, CHIEF JUSTICE.—This is a suit by Rhoda Burlew, a mar-

ried woman, against J. A. Schiller, as principal and the other defendants as sureties on a liquor dealer's bond. Plaintiff in error in her first amended original petition, being the one upon which she went to trial, alleges that she is the wife of Steve Burlew and has continuously lived with him as such wife since the time of their marriage in 1888, and that her said husband has refused and still refuses to join her in this suit, and she was forced to bring it alone; that the defendant Schiller was engaged in business at Granger, Texas, as a retail liquor dealer, and that said Schiller as principal and the other defendants as sureties, had executed the bond required by the statutes of this State, and that said bond had been duly approved by the county judge of Williamson County, and duly recorded, as required by law; that said bond, among other things provides that said Schiller, as principal, or his agents or employes, will not sell nor permit to be sold, in his house or place of business, nor give nor permit to be given, any spirituous, vinous or malt liquors. or medicated bitters capable of producing intoxication, to any habitual drunkard, or to any person after having been notified in writing through the sheriff or other peace officer, by the wife, mother, daughter or sister of the person, not to sell to such persons; that she, on or about October 14, 1900, caused a written notice to be served upon said Schiller by D. McLaughlin, a constable, notifying said Schiller not to sell, etc., to her said husband; that on September 1, 1900, and for several months prior thereto, and for several months thereafter, and on the dates of the alleged violations of said bond, the said Steve Burlew had been and was an habitual drunkard, in that he had habitually become intoxicated by the voluntary use of intoxicating liquors, and which said fact was well known to said Schiller; that the conditions of said bond were violated on eight separate and distinct occasions by the said Schiller selling, giving and permitting to be sold and given to her said husband, Steve Burlew, intoxicating liquors; wherefore, she asked judgment for $4,000 against all the defendants.

The defendants answered by general and special exceptions and by general denial. All of said exceptions, except the third, were overruled by the court. Defendants' third special exception, which was sustained by the court, was to the effect that defendants excepted to that portion of appellant's petition which attempts to allege a cause of action against defendants for violation of a liquor dealer's bond by selling liquor to an habitual drunkard, because any judgment recovered by reason of said alleged cause of action would be community estate between appellant and her husband, and she could not, under the law, maintain or prosecute such cause of action without being joined in the suit by her husband.

After the court had sustained said special exception, the case was tried on the other phase of the same, that is, on the allegations of written notice, and the jury returned a verdict for the defendants in error. Plaintiff in error then in due time filed her motion for a new trial, which motion was overruled by the court, and she has perfected her writ of error to this court.

Plaintiff in error's only assignment of error is a complaint of the action of the trial court in sustaining defendants' third special exception.

There is no constitutional provision that vests exclusively in the husband the right to sue for community property, or that would deprive

the Legislature of conferring such privilege upon the wife in certain classes of cases, if they see fit to so do. The statute in question expressly confers upon the wife the privilege to sue, and to any person or persons aggrieved by a violation of the provisions of the bond. It has been held that the wife is a party intended to be protected by the Act, and is a party aggrieved that comes within the spirit, meaning and letter of the law.

In the view that we take of the case, it is unnecessary for us to decide whether the penalty allowed and recoverable by the statute in a suit by the wife would be separate or community property, for, in either event, under the law, she would be entitled to sue. The statute expressly confers upon her the right, as one of the parties aggrieved, to bring a suit; and there being no constitutional provision that would interfere with the privilege of the Legislature to confer this right upon the wife, there is no reason to doubt that she would be entitled to sue in any case where the right is expressly by this statute conferred upon her as the wife, or where she is the party aggrieved by the conduct complained of. That she would be a party aggrieved by the sale of liquor to her husband, who is an habitual drunkard, and would be of the class contemplated by the statute who would be entitled to sue for the penalties that arise by reason of such sale, there can be no doubt. The right to sue being expressly conferred by the Act, the question as to the right to the proceeds that arise from a judgment obtained in a suit based on the statute, is a matter not to be considered in determining whether the wife could sue. The judgment so recovered may be separate or community property, which, as said before, it is unnecessary to determine; the right being expressly conferred by the Act, we hold that the wife was entitled to sue for the penalties involved. (Speer Law of Married Women, sec. 289; Wright v. Tipton, 92 Texas, 169; Tarkington v. Brunett, 51 S. W. Rep., 274; Tipton v. Thompson, 21 Texas Civ. App., 144.

The trial judge in sustaining the demurrer, for whose opinion we have a high regard, was evidently controlled by what was said by the court in Wartelsky v. McGee, 10 Texas Civ. App., 220, which seemingly supports the ruling of the court below. But as we construe that decision, the court in passing upon the question, evidently lost sight of or did not consider the power of the Legislature to confer the special right upon the wife to sue in cases of this class.

For the error of the trial court in sustaining the demurrer, the judgment is reversed and the cause remanded.

*Reversed and remanded.*