MRS. L. E. PEEVY ET AL V. SHELMA CARLISLE,
COUNTY SUPERINTENDENT.

No. 7730. Decided May 15, 1940.
Rehearing overruled June 12, 1940.
(139 S. W., 2d Series, 779.)

*Geppert, Geppert & Victery,* of Teague, for plaintiff in error.

The local trustees of a school district are vested, by virtue of the statutes, with authority to manage and control the school, including authority to elect and contract with teachers. Miller v. Smiley, 65 S. W. (2d) 417; White v. Porter, 78 S. W. (2d) 287, 37 Tex. Jur. 1041.

*L. W. Sheppard,* of Groesbeck, and *Williford, Williford & Bond,* of Groesbeck, for defendant in error.

The office of county school superintendent is clothed with supervisory power over the contracts between teachers and trustees, and he has a discretionary right to approve or disapprove their contracts. Thomas v. Taylor, 163 S. W. 129; Duncan v. Bowman, 22 S. W. (2d) 683; Hill v. Smithville Ind. Dist., 239 S. W. 987.

MR. JUDGE SLATTON of the Commission of Appeals, delivered the opinion for the Court.

Mrs. L. E. Peevy, on the 26th day of April, 1939, made a written contract with the Pyburn Common School District No. 30 (acting through a majority of its trustees) to teach as an elementary teacher in said school for a term of seven months during the school term of 1939-1940 at a salary of $595.00. The contract in regular form was filed with the County School Superintendent of Freestone County, who, on October 2, 1939, refused to approve the same. Mrs. Peevy appealed from the action of the County School Superintendent to the County Board of said county which board affirmed the action of the County School Superintendent. Mrs. Peevy, joined pro forma by her husband, brought this action in the District Court of Freestone County against the County School Superintendent

to compel her to approve the contract. The district intervened and sought approval of its contract. A trial to the court resulted in a judgment requiring approval of the contract by the County School Superintendent. The trial court found all material facts in favor of Mrs. Peevy and the school district.

■■ The County School Superintendent appealed to the Court of Civil Appeals at Waco. The Court of Civil Appeals reversed and rendered the judgment of the trial court with one justice dissenting. (138 S. W. (2d) 233). This Court granted writ of error. The facts are well stated in the majority and dissenting opinions of the Court of Civil Appeals and will not be restated here. A motion has been filed in this Court contending that the cause should be dismissed for the lack of an essential party, to wit the husband of Mrs. Peevy. The contention is bottomed on the claim that this suit is one for community property belonging to Mrs. Peevy and her husband and that the husband is the real party in interest and that such error was raised by general demurrer. It is obvious that this suit is not one for the recovery of community property. It is not a suit for property at all. It is a suit to enforce a right provided by statute given to one situated as Mrs. Peevy. Her right to appeal to the county board and to bring this suit in the district court is provided by statute. She has no property right under the contract to teach school and will not have any property right thereunder until the contract is approved by the Superintendent of Public Instruction of Freestone County.

■ In the trial court Mrs. Peevy was joined pro forma by her husband. There was no objection in his appearance in this form or capacity except by general demurrer. No assignment was presented to the Court of Civil Appeals, which claimed error in the action of the trial court in overruling the general demurrer on the ground that the husband of Mrs. Peevy was an essential party in interest rather than a formal party thereto. Under these facts the motion to dismiss is considered to be without merit; hence is overruled.

■ A consideration of the statutes defining the powers and duties governing the district, teacher and county school superintendent convinces us that the district, acting through its trustees, has the management and control of the school and the public school ground. It has the power to employ and contract with teachers. This authority is subject to statutory limitations. The County Superintendent's authority is provided by statute and is also limited by the same statutes which grant the

power. These statutes are cited in the opinions of the Court of Civil Appeals.

■ In the present suit the County Superintendent had presented to her a legal contract within the meaning of the statutes governing its execution. It bound the teacher to perform the service. The salary was within the revenues of the school district and would not create a deficiency. The teacher was qualified to teach. In a word, the contract was legal in form and substance under the law which authorized its execution. The County Superintendent refused to approve it for the reason that she considered it to be to the best interests of the school that the scholastics thereof should be sent to a nearby district for their instructions. The law does not give her the authority to disapprove the contract for that reason. The refusal to approve the contract for the reason stated was without authority of law. Therefore the writ of mandamus should issue in accordance with the prayer of Mrs. Peevy and the school district, as was held by the trial court and the dissenting justice of the Court of Civil Appeals. Miller v. Smiley, 65 S. W. (2d) 417 (writ refused). In the case of White v. Porter, 78 S. W. (2d) 287, it is said:

"If the special facts and circumstances in the given case give rise to no valid reason or ground in law for his refusal, then it becomes his official duty, entirely nondiscretionary and ministerial in character, to approve the contract, and, upon refusal, to approve the same mandamus will lie to direct its performance. Article 2693, R. S., cited by appellees, does not vest in the county superintendent the unrestrained power to decline, at his will and without lawful reason, to approve a valid contract with a school teacher, when it is proper in form and substance and duly executed by the trustees. To hold otherwise would render void the power and authority vested by article 2750, R. S., in the trustees to select from the qualified applicants the teacher of their choice, and to make the proper contract with such teacher to teach the school term."

We approve that statement of the law.

A careful study of the cases of Thomas v. Taylor, 163 S. W. 129 (writ refused) and Vanlandingham v. Hill, 47 S. W. (2d) 641, convinces us that those cases do not conflict with our holdings in this and other cases cited.

The judgment rendered by the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court May 15, 1940.

Rehearing overruled June 12, 1940.