CARLILE, County Superintendent of Public Instruction, v. PEEVY.

No. 2408.

Court of Civil Appeals of Texas. Waco.

May 15, 1941.

Rehearing Denied May 29, 1941.

344

Williford, Williford & Bond, of Fairfield, and L. W. Shepperd, of Groesbeck, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

TIREY, Justice.

L. E. Peevy brought this suit for mandamus to compel Shelma Carlile, County Superintendent of Public Instruction of Freestone County, Texas, to approve seven vouchers, each in the sum of $85, drawn by a majority of the trustees of the Pyburn Common School District No. 30, in Freestone County, for salary earned by his wife on a contract which provided for such compensation for services rendered as a teacher for the school term of 1939–40 of said district. The cause was tried before a jury, and upon a verdict favorable to plaintiff the trial court awarded said writ; and defendant has appealed.

The validity of the contract of plaintiff's wife with said Common School District, and her right to have the same approved by the County School Superintendent herein, have been adjudicated. See Carlile v. Peevy, Tex.Civ.App., 138 S.W.2d 233; 135 Tex. 132, 139 S.W.2d 779.

Appellant's third proposition is: "The party not charged with the burden of establishing an issue need not, in the absence of its submission, request its submission, and is free to contend upon appeal that judgment against him is erroneous because verdict includes no finding for adverse party on issue necessary to judgment." This proposition is not applicable to the case at bar.

Plaintiff, in his petition, alleged substantially the history of the execution and approval of his wife's contract with said School Board; that she complied fully with the terms of the contract and taught the school from the 2nd day of October, 1939, to the 23rd day of February, 1940, at which time the trustees closed the school and instructed his wife to hold herself in readiness to teach the remainder of the school term, as provided in the contract; that his wife, in compliance with said instruction, did hold herself in readiness to teach the school; that the trustees, acting as such and in com-

pliance with the provisions of said written contract, made, executed and delivered to his wife seven vouchers, each in the sum of $85; that the statute required that these vouchers be approved by the County School Superintendent of Freestone County; that they were presented to said County Superintendent, and she refused to approve them; that defendant appealed from such action to the County Board of School Trustees; that a hearing was had, and said Board entered an order affirming the action of the County Superintendent; that plaintiff elected to appeal from said adverse decision to the District Court of Freestone County, and gave due notice thereof; that said vouchers would not create a deficiency against said district, and that there are ample funds on hand to pay same. The defendant, by special answer, pleaded all of the defenses raised by her in the former litigation, and, in addition thereto, alleged substantially that the wife of plaintiff failed to comply with the terms of the written contract, in that she did not teach the school for the term stipulated in the contract, and that the plaintiff failed to give notice of his election to appeal from the decision of said Board to the district court. Plaintiff interposed a plea of res judicata to each of the defensive matters raised in the former litigation, and we think the undisputed evidence sustains said plea. As we view the record, the only defensive issues raised by the defendant's pleadings were (1) non-compliance with the contract; and (2) failure of plaintiff to give notice of appeal.

The record shows that on the former trial the court·found, among other things, that the School Board had instructed Mrs. Peevy to begin teaching on October 2, 1939, and that she had since that date been engaged in the performance of her contract. Mrs. Peevy, the wife of plaintiff, testified substantially that she began teaching the school on October 2, 1939, and that she taught consecutively for four months and three weeks, at which time the trustees suspended the school and advised her to hold herself in readiness to teach the remainder of the term, and that she did so; that she went to the defendant to obtain forms on which to prepare her vouchers for salary, and that defendant refused to give them to her; that she did thereafter obtain proper forms on which to prepare her school vouchers, and

that these were duly executed and signed by a majority of the Board of Trustees of said district, and the defendant refused to approve each of these vouchers. Each of the seven vouchers was admitted in evidence, and each of which was duly signed by a majority of the Board of Trustees. Miss Carlile, the County Superintendent, testified substantially that she refused to give Mrs. Peevy necessary blanks to make monthly reports and forms on which to prepare her vouchers; that three monthly vouchers were presented to her for approval by Mrs. Peevy, and that she refused to approve them and advised her that it was not necessary to present her with any more, because she would not approve them so long as the matter was in litigation; that after the judgment of the Supreme Court in the other cause had become final she refused to approve the contract of Mrs. Peevy until she had been actually served with writ of mandamus; and thereafter she also refused to approve the vouchers for Mrs. Peevy; that her reasons for resisting the approval of the contract and refusing to approve the vouchers were not actuated by any other motive than her belief that it was a useless dissipation of public funds and she was trying to save the funds for the school children of that district. This contention was·raised by defendant in the case above referred to and was foreclosed against her by the Supreme Court. See Peevy v. Carlile, 135 Tex. 132, 139 S.W.2d 779; Caviel v. Coleman, 72 Tex. 550, 10 S.W. 679.

The trial court submitted two issues to the jury:

"(1) Do you find from a preponderance of the evidence that the plaintiff either in person or by his attorney, W. V. Geppert, notified the County Board of Trustees within five days from the date of the County Board's ruling, of the election of the plaintiff to appeal to the District Court of Freestone County from the adverse decision of the County Board?", to which the jury answered "Yes."

"(2) Do you find from a preponderance of the evidence that the plaintiff either in person or by his attorney, W. V. Geppert, notified the defendant, Shelma ·Carlile, within five days ·from the date of the County Board's ruling, of ·the· election of the plaintiff to appeal to the ·District Court of Freestone County from the adverse de-

cision of the County Board?", to which the jury answered "Yes."

The defendant wholly failed to object to the court's failure to submit to the jury the defensive issue raised by defendant's pleading to the effect that the plaintiff had wholly failed to comply with her contract. The trial court, in its judgment, found that under the undisputed facts Mrs. Peevy had fully complied with her contract; that she had taught the school from October 2, 1939, until February 23, 1940, at which time the trustees closed said school and instructed Mrs. Peevy to hold herself in readiness to teach the remainder of the school term, and she did so, and that the school trustees did not re-open the school and did not call upon Mrs. Peevy to finish teaching, and ordered writ of mandamus to issue, commanding Miss Carlile, as County Superintendent of Public Instruction, to approve the seven vouchers. Singleton v. Austin, 27 Tex.Civ.App. 88, 65 S.W. 686, point page 689. We think the evidence is clear, direct, positive, undisputed and unimpeached, and that it sustains the finding made by the trial court. See Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, point 6, page 279. The trial court submitted in his charge the only issues made by the evidence. Moreover, as we view the record here made, if the defendant did not share the view of the trial court as to the issues made by the evidence, she should have interposed her objections to the court's charge, and having failed so to do, she cannot now complain. See Wichita Falls Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

Appellant's first proposition is: "To be enforceable by mandamus, the act must be one which the respondent has no discretion to refuse to perform, and which does not call for the exercise of his judgment upon matters of fact." We think this proposition is substantially a correct statement of the rule, and that the application of the same to the case at bar authorized the trial court to award the writ of mandamus against appellant. Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62, 2 Am.St.Rep. 505.

We have considered all other assignments, and we are of the opinion that they do not show error.

The judgment of the trial court is affirmed.