## TEXAS UNEMPLOYMENT COMPENSATION COMMISSION v. FRANK.

### No. 9871.

Court of Civil Appeals of Texas. Austin.

April 5, 1950.

Price Daniel, Atty. Gen. of Texas, and Charles P. Atkinson, Asst. Atty. Gen., Smith, Levy & Fisher, Beaumont, C. H. Messer, Austin, for appellant.

James O. Herrington, San Antonio, Oliver & Peace, San Antonio, for appellee.

ARCHER, Chief Justice.

This case was begun on the 17th day of December, 1948, by Virginia Smith Frank against the Texas Employment Commission and Shaw Jewelry Company of Galveston, for the payment of unemployment compensation benefits alleged to be due Mrs. Frank. She alleged that the appellant, Texas Employment Commission, had incorrectly held her to be disqualified to receive those benefits. The appellant filed a plea in abatement setting forth the fact that Virginia Smith Frank was a married woman and that her husband, K. C. Frank, was not a party to the suit. On the 17th day of January, 1949, K. C. Frank, husband of Virginia Smith Frank, was joined in the suit as a party plaintiff. The appellants immediately filed a plea of limitation based on Section 4(i) of the Texas Unemployment Compensation Act, Art. 5221b —4(i), Vernon's Revised Civil Statutes of Texas, and the plea was overruled on the 16th day of May, 1949. After such ruling the case was submitted to a jury and the jury found against the appellants on the special issue submitted. The court then found for the appellee and judgment was entered May 24, 1949. A motion for new trial was filed on May 25, 1949, and was argued before the court on June 24, 1949, and again the appellants' plea of limitation was urged. Appellants' motion for a new trial was overruled by the court. Appellee filed a motion for the entry of a judgment nunc pro tunc on July 22, 1949. This motion was heard on July 27, 1949, and a corrected judgment was entered on the same date. Appellants immediately filed a motion for a new trial, and the motion was promptly overruled and appellants in open court duly excepted and gave notice of appeal.

This appeal is predicated on the error of the trial court in overruling appellants' motion for a new trial.

The only question to be determined is: "Was the cause of action barred on January 17, 1949, due to the statute of limitation contained in Sections 4(h) and 4(i) of the Act?"

Section 4(h) of Article 5221b reads, in part, as follows: "Appeal to Courts: Any decision of the Commission in the absence of an appeal therefrom as herein provided shall become final ten (10) days after the date of notification or mailing thereof, * * *."

Section 4(i) of Article 5221b reads, in part, as follows: "Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, in which action any other party to the proceeding before the Commission shall be made a defendant. Such trial shall be de novo. In such action, a petition which need not be verified, but which shall state the grounds * * *."

Section 4(b) provides: "* * * the representatives shall promptly notify the claimant and any other interested party of the decision and the reasons therefore * * *."

Sec. 4(a) filing: "Claims for benefits shall be made in accordance with such regulations as the Commission may prescribe * * *."

A copy of Information No. 7 was handed us during the argument, and from this regulation we take the following:

"What To Do When You Want To File A Claim For Benefits.

"Go yourself to the Employment Service Office or to contact the Commission representative. You cannot send someone to substitute for you.

"If your claim is disapproved * * * you should contact a Commission representative. There is a time limitation (12 days from date notice was mailed from Austin) within which you must enter a 'disagreement' with the disapproved claim."

Provision is made for appeals by the claimant to (d) the Statutory Appeal Tribunals and (e) to the Commission Review, and finally Appeal to Courts, for (i) court review.

Under the regulation the only necessary party who can present a claim, "go to the employment service office * * * contact the Commission representative", if the claim is disapproved, to enter a disagreement with the disapproved claim is the claimant. The only person who is notified of the Commission's action insofar as the employee is concerned is the claimant.

We see that under (i) Court Review, that "any party aggrieved thereby may secure a judicial review thereof by commencing an action in any court * * *."

After exhausting all of her administrative remedies the claimant, Virginia Smith Frank (concededly a married woman), filed an action in the county court of Bexar County on December 17, 1948. The Texas Employment Commission filed its answer on December 23, 1948, as a general denial, and pleaded specifically that the plaintiff voluntarily resigned. On January 13, 1948, the defendant Commission filed its amended original answer pleading coverture of the plaintiff, with further answer of voluntary resignation.

On January 17, 1949, the plaintiff, joined by her husband, K. C. Frank, filed their amended original petition, with similar allegations as in the original pleadings.

On January 19, 1949, one of the defendants, Shaw Jewelry Company of Galveston, Inc., filed its answer, pleading coverture and voluntary resignation of plaintiff so as to disqualify her from receiving benefits.

On February 7, 1949, the Commission filed its second amended original answer, again pleading coverture, limitation, voluntary resignation of the plaintiff, and therefore disqualification to receive benefits.

Trial was had before a jury and resulted in verdict in answer to one special issue favorable to plaintiff and judgment based thereon for $280.

The isssue was:

"Do you find from a preponderance of the evidence that Virginia Smith Frank left her last employment voluntarily without good cause connected with her employment?"

"We, the jury, answer: 'She did not.'"

The judgment was against the Commission, which timely filed its motion for new trial which was overruled, and it is from this action of the court that this appeal is had.

As above stated the question to be determined is, was the cause of action barred on January 17, 1950, due to the statute of limitation contained in Section 4(h) and (i) of the Act.

We believe that the filing of the petition on December 17, 1948, was an appeal from the decision of the Commission and was in furtherance of the prosecution of her claim for benefits, and that she was authorized to institute this appeal without joinder of her husband, and that the statute of limitation was tolled. The first answer of the Commission did not plead coverture or limitation, but only disqualification to receive benefits, because the claimant had voluntarily resigned.

The husband of claimant was never recognized by the Commission as having a right to prosecute the claim and was not notified of the Commission's decision, and as soon as the Commission raised the question of coverture of the claimant, the husband became a party and joined the trial of the case, and was a party when judgment was rendered.

We cite R. F. Wright et al. v. Tifton, 92 Tex. 168, 46 S.W. 629; Brooks v. Ellis, Tex.Civ.App., 98 S.W. 936, and Peevy et al. v. Carlile, Co. Supt., 135 Tex. 132, 139 S.W.2d 779.

In Burlew v. Schiller et al., 41 Tex.Civ. App., 202, 92 S.W. 814, 815, there is this statement: " * * * There is no constitutional provision that vests exclusively in the husband the right to sue for community property, or that would deprive the Legislature of conferring such privilege

upon the wife in certain classes of cases, if they see fit to do so. The statute in question expressly confers upon the wife the privilege to sue, and by any person or persons aggrieved by a violation of the provisions of the bond. It has been held that the wife is a party intended to be protected by the act, and is a party aggrieved that comes within the spirit, meaning and letter of the law."

We, therefore, hold that appellee had the right to prosecute her appeal without joinder of her husband, who, however, joined with her and became a party before the trial and rendition of judgment.

Rule 37, Texas Rules of Civil Procedure, reads: "Before a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case."

Article 5539b, Vernon's Annotated Statutes of Texas, reads: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

Under this statute as construed by the Supreme Court in Hallaway v. Thompson, 226 S.W.2d 816, we are further of the opinion that the plea of limitation is without merit.

The judgment of the trial court is affirmed.

Affirmed.