**OLIPHINT v. RIGSBY et al.**
No. 12322.

Court of Civil Appeals of Texas. Galveston.
Oct. 25, 1951.

Bracewell & Wright, E. R. Wright, and Jake B. Clegg, Jr., County Atty., all of Huntsville, for appellant.

Davis & Phillips and John W. Phillips, all of Huntsville, for appellees.

CODY, Justice.

This is an application by a duly qualified public school teacher, Rosanna Rigsby, against Marjory P. Oliphint, as County School Superintendent of Walker County, for a writ of mandamus to compel said Superintendent to approve a contract alleged by plaintiff to have been executed in writing between herself and the Common School District No. 16, for plaintiff to teach school for the school year of 1950– 1951, for the minimum salary established by the laws of the State for a teacher of her qualifications, alleged to be $339, per month for nine months.

For the purposes of this appeal, it is sufficient to add that plaintiff alleged in substance, additionally, that the contract was executed on July 20, 1950, by herself, and the District acting by the majority of the trustees, J. H. Johnson and Walter Musgrove. That the trustees did not know in terms of dollars and cents what the minimum salary would be. That the law with reference to Common School Districts provided for the payment of a minimum salary to teachers of districts complying with and receiving aid from the Education Department; that the Rural School Trustees of Common School Districts were not versed in the law with respect to minimum wage which a teacher should receive, and so it became, and is the customary practice for Trustees of Rural Common School Districts in Walker County to agree with their teachers at the time of making the contract to pay their teachers the minimum wage required by law; " * * * that the dollar and cent amount of the salary was not usually and customarily written into the contracts by such Rural Trustees, but that the salary requirement was customarily and usually written into such contracts by the County Superintendent of Walker County, Texas."—Plaintiff further alleged that when the contract was so executed it was taken by herself and Trustee Johnson to defendant for her official approval, but that she declined to approve same without giving a reason which constituted a legal justification for such refusal.

Plaintiff further alleged that thereafter the Trustee Musgrove removed from the District, and became replaced by one Murray, and that Murray and the remaining Trustee, Stutts, then entered into a purported contract with Fannie Vann to teach for the year 1950–1951, and that this purported contract, so executed by the then majority of the Trustees was promptly approved by defendant. Plaintiff further alleged that she then entered a suit in the District Court of Walker County, and "In

accordance with the prayer of plaintiffs therein contained, the District Court of Walker County, has enjoined and restrained the defendants in that suit from paying and receiving monies from Common School District No. 16, on the purported contract of said Fannie Vann."

The defendant, in her answer, filed a plea in abatement, alleging the suit which plaintiff alleged she had theretofore filed to restrain the payment of salary to Fannie Vann; and alleged that said suit was still pending, and that prior jurisdiction had attached in said prior suit to try all issues sought to be tried in this proceeding. Defendant further pled that the purported written contract upon which plaintiff predicated her application was totally defective in that it specified no consideration which the District was bound to pay.

Fannie Vann, under leave of court, was permitted to intervene, and the court held that the attempted intervention for the School District was not shown to have been authorized by the District, and so declined to permit such intervention.

The case was tried to a jury upon special issues, and upon the answers of the jury thereto, the court issued the mandamus sought by plaintiff. The County School Superintendent and Fannie Vann have appealed. As appears from the allegations of appellee's petition, the contract as executed by appellee and the District was not complete in itself, and the object in part of this suit was to supply such deficiency by parol. Since we think appellant's first point should be sustained, presenting that the District was an indispensable party to this proceeding, which so involves the contract to which it is a party, we deem it unnecessary to state more of the facts and proceedings.

Appellant's first point reads: "Since the approval of the contract imposed a liability upon the Common School District No. 16 which District or its corporate trustees were indispensable parties and no valid judgment for mandamus could be entered without such parties * * *."

We sustain the point.

■ It is well settled that a county superintendent does not have the unrestrained power to decline, at his will and without lawful reason, to approve a valid contract with a school teacher, when it is in proper form and substance and duly executed by the trustees. Peevy et al. v. Carlile, County Superintendent, 135 Tex. 132, 139 S.W.2d 779, 780, quoting from White v. Porter, Tex.Civ.App., 78 S.W.2d 287, 292. See also the Statutes referred to in said authorities. But it was not contended in this suit that the contract, as it was presented to the County Superintendent was in proper form, or that it expressed the intentions of the parties with respect to the compensation which was to be paid the teacher for her services.

■ It is true that the allegations of the petition were to the effect that the District and the teacher had orally agreed that the compensation was to be the minimum provided by law, and that said amount was to be determined by, and inserted in the contract by defendant. But in order to supply by parol evidence essential matter necessary to make a contract a binding obligation upon a school district, which is a party to the contract, the school district is an indispensable party. See Taxpayers' Ass'n of Harris County v. Houston Independent School Dist., Tex.Civ.App., 81 S.W.2d 815, 818; Basham v. Holcombe, Tex.Civ.App., 240 S.W. 691; Butman et al. v. Jones, Tex. Civ.App., 24 S.W.2d 796; Crystal Falls Common School District v. Sanders, Tex. Civ.App., 54 S.W.2d 834; County School Trustees v. Common School District No. 6, Tex.Civ.App., 284 S.W. 306, Tex.Jur. Vol. 28, p. 629, relating to mandamus.

Neither party to this appeal has pointed out just what issues were made in the injunction suit referred to in appellee's petition, and in appellant's plea in abatement to the effect that prior jurisdiction had attached in said suit, nor do they indicate that the pleadings in the injunction suit were introduced in the evidence in this proceeding, nor have we found same in the record herein. In any case, as we have indicated, the District was not a party to this proceeding, for which reason the judgment is here reversed, and the cause remanded so that appellee can make the District a party.

■ Appellee's claim of right to have her contract to teach school for the 1950–1951 school year approved was not rendered moot because the term has passed. White v. Porter, Tex.Civ.App., 78 S.W.2d 287.

■ The court was, we believe, without authority to mandamus the School Superintendent to write in the amount of salary which appellee alleged the School District contracted to pay appellee. See Rushing, County Clerk, v. Thomas, Tex.Civ.App., 63 S.W.2d 323. But if both parties to the alleged contract had been before the court, as we rule they should have been, the question of whether the Superintendent could be required to insert a necessary term into the contract to which she was not a party would not arise.

Reversed and remanded.