# Walz v. Northcutt, Judge.

May 26, 1939.

JAMES E. QUILL and HAROLD M. WALKER for petitioner.

WILLIAM J. DEUPREE and GREGORY W. HUGHES for respondent.

Opinion of the Court by Judge Thomas—Sustaining motion and dismissing petition.

This is an original action filed in this court by petitioner, Elmer Walz, against respondent, Johnst Northcutt, one of the judges of the Kenton circuit court. Petioner seeks a writ of prohibition from this court restraining respondent from appointing a commonwealth's attorney pro tempore of his court in substitution of the regular elected one, Hon. Ulie J. Howard, which it is averred he threatens to and will do unless prohibited by this court. Petitioner, therefore, seeks to raise the question as to the right of respondent to exercise the authority which he is threatening to do, in the circumstances in which it is proposed to be done. The question as to whether the threatened action is such a judicial one as to come without our prohibitory authority conferred by Section 110 of our Constitution—as we have heretofore interpreted it—or whether such threatened action is only performance of a ministerial duty totally divorced from judicial action, will be waived for the purposes of this opinion and the question will be treated and disposed of as if the threatened act is a judicial one of which this court has jurisdiction to supervise in original proceedings under the interpretation of our constitutional Section 110, supra.

Three days after the petition was filed by petitioner he entered motion in this court to dismiss his action without prejudice, and on the same day following the entry of that motion, respondent filed his response, denying only two facts alleged in the petition, which he conceived to be material, but he expressly admitted his determination to take the action sought to be prohibited, for reasons which he most elaborately set out in his response; the substance of which is, that the regularly elected and acting commonwealth's attorney of his court had for a long period of time been derelict in the performance of his duty whereby violations of the criminal laws was more or less rampant within the jurisdiction of the court, and that the prosecuting officer did not perform his duty in bringing to trial indicted violators of the law, and had otherwise in many ways been guilty of malfeasance and misfeasance in office. A part of the response consisted in reports made to the court by recent grand juries in which it was suggested that the office of commonwealth's attorney as well as the officer himself be investigated by a future grand jury and for

it to take such action as might be appropriate from the testimony adduced.

Respondent contends that in such circumstances he, in view of his determination to submit such matters to the forthcoming grand jury, has the right to require the regular commonwealth's attorney to retire during such investigations and for his place to be temporarily substituted by the proposed appointee. In the circumstances and for such alleged urgent reasons he insists that the question presented is a public one of wide importance and for which reason he objects to a dismissal of the action and asks us to overrule petitioners' motion therefor and take jurisdiction of the cause and determine the question presented by the petition. The sole question sought to be presented is whether or not respondent has authority in the circumstances to take the action complained of and to appoint in accordance therewith a pro tempore commonwealth's attorney of his court to make the investigations referred to?

He insists and through his counsel argues that the response is in the nature of a counterclaim which he has the right to maintain and have the question determined by this court, and which can not be defeated, under the provisions of Section 371 of the Civil Code of Practice, by plaintiff dismissing his action without prejudice. But the trouble with that contention is that there is no premise upon which it may be sustained. A counterclaim is defined by Section 96 of the same Code as being "a cause of action in favor of a defendant [respondent here] against a plaintiff [petitioner here], or against him and another, which arises out of the contract, or transactions, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action." By that section the first requisite is that the counterclaim must be a cause of action in favor of a defendant against a plaintiff, or against him and another. No relief whatever is sought by the respondent against petitioner in this case, or against him "and another." The alleged counter-relief insisted on, therefore, lacks the first essential of being a counterclaim, and not being so the right of petitioner to dismiss the action without prejudice is absolute and entirely unencumbered by any right of respondent to object thereto because of the pendency of an alleged counterclaim.

Another aspect of the case, suggested in the response as well as brief for the respondent, is that the re-

sponse should be treated by this court as an original declaratory judgment petition filed by him to determine the rights of the parties in the premises, and for that reason this court should treat it as such and take jurisdiction. But that insistence can not be complied with because of two insurmountable reasons: (1) that this court has no right, under its original jurisdiction conferred by Section 110 of the Constitution, to entertain declaratory judgment actions, and (2) even if it did have such right, then a most essential and indispensable party under the facts is the present elected commonwealth's attorney of respondent's court, and he is not a party in any manner to this action. It requires no argument to sustain reason (2) and we will, therefore, proceed to discuss and determine only reason (1).

Authority for the maintenance of declaratory judgment actions is conferred by Chapter IVa of our Civil Code of Practice, Sections 639a—1 to and including 639a—12 of the same Code. The first section (639a—1) expressly prescribes that such action can be brought only in a court of record and "having general jurisdiction." Section 639a—3 prescribes that the sought for declarations may be obtained "by means of proceedings at law or in equity, or by means of a petition on either the law or equity side of the court," &c., showing that the court of original jurisdiction in which such actions might be filed were those possessing dockets for each branch of the law mentioned. Section 639a—5 provides for an appeal to this court from any judgment that might be rendered pursuant to the remedy conferred by the chapter, and which clearly indicates that it was never the intention of the legislature to permit original declaratory judgment actions to be filed in this court. Furthermore, Section 639a—7 provides for a jury trial in such actions if an issue trial by a jury is formed by the pleadings, and surely it was not the intention of the legislature to require this court to invoke any such judicial procedure for the trial of issues of fact and to be obstructed by delay incident thereto. However, if it had been the intention of the legislature to require such a procedure it failed to make any machinery by which this court could summon a jury or provide from what venue or jurisdiction it would obtain the jury.

It is therefore quite clear that the entertainment of declaratory judgment actions is not embraced in the class of cases of which it has original jurisdiction under

Section 110 of our Constitution. In that view even if the legislature had expressly enacted as a part of the declaratory judgment act that this court should have the right to entertain such actions it would have been unconstitutional and void. If the contrary were true, then it would be but a short time until the entire time of this court would be taken up in the consideration of originally filed declaratory judgments actions, thereby dispensing with the necessity, as well as the labor, cost and delay incident to a trial in courts of original jurisdiction, and as a consequence thereof they would dry up and disappear. Lastly, on this point it should be said that jurisdiction in this court to entertain a declaratory judgment action originally filed in it is tantamount to exercising jurisdiction to render advisory judgments, and which power and authority our legislature attempted to confer by Section 950-4 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. Its constitutionality was presented to us in the case of In re Constitutionality of House Bill No. 222, 262 Ky. 437, 90 S. W. (2d) 692, 103 A. L. R. 1085. We held the act unconstitutional for reasons stated in the opinion, which it is not necessary to incorporate herein. The opinion sustains our statement supra, that our jurisdiction to so entertain declaratory judgment actions would be lacking, although it was invoked pursuant to an express statute attempting to confer it. There is, therefore, no alternative but to sustain the motion of petitioner to dismiss the action—a course that we would be compelled to do had the motion not been made, since petitioner alleges no facts giving him the right to maintain the action.

The facts upon which he bottoms his right to so petition this court are, that he stands indicted six times for violations of various criminal laws committed in respondent's jurisdiction; that those indictments were returned by an improperly formed grand jury in such a manner as to render its organization void and by reason of which he has entered motion to quash the indictments against him which motion is now pending before respondent. He then avers that a future grand jury to be convened under the order of the court on May 27th of this year will have submitted to it by order of respondent the same violations for which petitioner now stands indicted, and which grand jury will probably return substitute indictments if his motion to quash should be sustained, and which substituted indictments

would themselves be invalid if a commonwealth's attorney pro tempore should be appointed, since he would be without authority to function (respondent having no authority to appoint him), and furthermore, that inasmuch as he would be in the grand jury investigating crimes against petitioner, the indictments, that might be returned would also be invalid.

However, if such speculative results should turn out to be true, it would all operate to the benefit of petitioner, provided he had actually violated the law and was subject to criminal prosecution, which he nowhere denies in his petition. It, therefore, requires a great deal more legal acumen than we possess to be able to see wherein petitioner is in an attitude—as described in his petition—to invoke the remedy he seeks. There are appropriate remedies whereby the basic question involved —i. e., the right, authority and jurisdiction of respondent in the circumstances of the case to appoint a commonwealth's attorney pro tempore—may be presented for judicial determination, but the procedure here pursued is not available for that purpose. We, therefore, express no opinion on the merits of that question.

Wherefore, for the reasons stated, the motion of petitioner to dismiss his original action filed in this court is sustained and the petition is dismissed without prejudice, the objections thereto by respondent being overruled; the Whole Court sitting.