DYAR ET AL., JUSTICES OF THE PEACE, *v.* BINGHAM ET AL.,
COUNTY COMMRS., ET AL.

(No. 226—Decided March 30, 1955.)

*Mr. Harry S. Dyar,* for plaintiffs.
*Mr. Randall Metcalf,* prosecuting attorney, and *Mr. Charles K. Heckler,* for defendants.

COLLIER, J. The plaintiffs have filed a petition seeking to invoke the original jurisdiction of this court in an action for a declaratory judgment. In their petition, the plaintiffs ask for a judicial construction and interpretation of Sections 2335.12 and 2335.14, Revised Code, which define the rights of justices of the peace to receive compensation in criminal cases where the defendants therein are not convicted. The defendants are the Prosecuting Attorney and the County Commissioners of Washington County. The defendants have filed a motion to dismiss the petition for the reason that this court does not have jurisdiction to grant a declaratory judgment in the first instance; that the Court of Appeals has only appellate jurisdiction in a case of this kind.

The original jurisdiction of the Courts of Appeals of Ohio is conferred by Section 6, Article IV of the Constitution, as amended, effective January 1, 1945, which reads in part as follows:

"The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as may be provided by law

to review, affirm, modify, set aside, or reverse judgments or final orders of boards * * *.''

Section 2501.02, Revised Code, further defines the jurisdiction of the Courts of Appeals of Ohio as follows:

''In addition to the original jurisdiction conferred by Section 6, Article IV, Ohio Constitution, the court, on good cause shown, may issue writs of supersedeas in any case, and all other writs, not specially provided for or prohibited by statute, necessary to enforce the administration of justice.''

The statute on declaratory judgments is found in Section 2721.02, Revised Code, and reads in part as follows:

''Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree.''

The Uniform Declaratory Judgments Act is a remedial act and does not change any substantive rights of the parties or enlarge the jurisdiction of the courts over subject matter and parties. As stated by Borçhard on Declaratory Judgments (2 Ed.), 231:

''The language used in the uniform act and embodied by implication in the other acts was designed to indicate that regular jurisdiction of courts over parties and subject-matter was not intended to be altered, and that only a 'new' procedural device or vehicle of relief was afforded.''

Courts may grant such relief only in cases otherwise within their jurisdiction to pass upon.

It will be observed that an action for a declaratory judgment is not included in Section 6, Article IV of the Constitution, which prescribes the original jurisdiction of the Courts of Appeals in quo warranto, mandamus, habeas corpus, prohibition and procedendo. Any attempt by legislative enactment to expand or enlarge the jurisdiction of the courts, which is prescribed and limited by the Constitution, would certainly be held unconstitutional. No decision has been cited and we have been unable to find any case where the jurisdiction of the Courts

of Appeals of Ohio to grant a declaratory judgment has been determined. However, the Supreme Court of Ohio has expressly announced that that court does not render declaratory judgments. *Schick* v. *City of Cincinnati,* 116 Ohio St., 16, 155 N. E., 555. Likewise, in the case of *Walz* v. *Northcutt,* 278 Ky., 616, 129 S. W. (2d), 124, it is held:

"Under its original jurisdiction conferred by the Constitution, the Court of Appeals has no right to entertain declaratory judgment actions."

And, Borchard on Declaratory Judgments (2 Ed.), 253, says:

"Only courts of original jurisdiction, including sometimes special tribunals, are granted power to render declaratory judgments. * * * Hence it is clear that courts of appeal should not in the first instance be requested to issue a declaratory judgment not demanded below * * *."

Section 2721.08, Revised Code, provides:

"All orders, judgments and decrees under Sections 2721.01 to 2721.15, inclusive, of the Revised Code, may be reviewed as other orders, judgments and decrees are reviewed."

That statutory provision for appeal of actions for declaratory judgments clearly indicates that it was never the intention of the Legislature to permit original actions of this kind to be filed in an appellate court. See, also, 16 American Jurisprudence, 324, Section 52.

On the authorities above cited and for the reasons herein stated, our conclusion is that this court has no jurisdiction to entertain an original action filed in this court for a declaratory judgment; that such jurisdiction is not conferred either by the Constitution or by statutes, and, therefore, the defendants' motion to dismiss plaintiffs' petition must be, and hereby is, sustained.

*Motion sustained.*

McCURDY, P. J., and GILLEN, J., concur.