See also Tex.Civ.App., 367 S.W.2d 720.

**NORTHEAST TARRANT COUNTY WATER AUTHORITY, Appellant,**

v.

**TRINITY RIVER AUTHORITY of Texas, Appellee.**

No. 16282.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 6, 1963.

Garrett & Garrett, and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Brewster, Pannell, Leeton & Dean, Fort Worth; Clark, Thomas, Harris, Denius & Winters; Martin Harris and Mary Joe Carroll, Austin, for appellee.

MASSEY, Chief Justice.

Plaintiff Northeast Tarrant County Water Authority, hereinafter termed "plaintiff" brought suit in the district court of Tarrant County against Trinity River Authority of Texas, hereinafter termed "T. R.A.". Object of the suit was to obtain a writ of mandamus which would compel T.R.A. to enter into negotiations in behalf of the plaintiff with the Corps of Engineers of the United States Army whereby water storage space in Grapevine Reservoir would be obtained and allocated for municipal water supply purposes by the Cities of Haltom City and Hurst in Tarrant County, and/or which would compel T.R.A. to provide or render assistance to plaintiff in obtaining a suitable and adequate municipal water supply. An additional objective was to obtain a writ of injunction which would prevent T.R.A. from promoting or encouraging navigation within the area of the T.R.A. district except as specifically authorized by the Act which created it. A further objective was to obtain a declaratory judgment as to rights and duties of the parties in relation to the remedies plaintiff sought to secure through writs of mandamus and injunction.

On motion of T.R.A., the trial court abated and dismissed plaintiff's suit. This appeal is from that order. We affirm.

Of extreme interest is the fact that when the trial court heard the motion of T.R.A. (on January 16, 1961) there was pending in the District Court of Travis County a suit styled Northeast Tarrant County Water Authority v. Board of Water Engineers et al. (the "et al." in said suit being T.R.A. as a party granted the right to intervene, over the protest of the plaintiff). In view of a 1962 amendment to Vernon's Ann. Tex.St., Art. 7477, "Board continued; * * *", the Board of Water Engineers has undergone a change of name whereby it is now the Texas Water Commission. We will hereinafter, nevertheless, refer to it by the term "Board". This Travis County suit was tried on its merits before the court without a jury on February 15, 1961 (while the Judge who had heard the motions in the Tarrant County case was holding his decision thereon in abeyance) and a judgment was entered in Travis County to the effect that plaintiff "take nothing" by its suit.

In Title 128, "Water", Chapter 1, "Use of State Water", Subdivision 2, "Board of Water Engineers", and under Art. 7477, § (12), the venue of the Travis County suit was exclusively fixed in said county, the purport of plaintiff's action being to review, set aside, modify, or suspend a ruling, order, decision, or other act of the Board. As noted, "plaintiff" herein was likewise the plaintiff in the Travis County case, and from the judgment therein in February, 1961, plaintiff perfected an appeal to the Austin Court of Civil Appeals. Opinion of that appellate court was rendered on April 24, 1963, and is published at 367 S.W.2d 720. Judgment of the trial court was affirmed, and has now become final.

An objective of the Travis County suit was to obtain a writ of mandamus which would compel the Board to enter its order permitting plaintiff to enter into negotiations with the Corps of Engineers concerning acquisition by it of water storage space in Grapevine Reservoir (for municipal water supply purposes by the Cities of Haltom City and Hurst) and to appropriate water therein for such purposes, with authority removed from T.R.A., which, under authority of an order in effect, had been designated as the agency empowered to negotiate with the Corps of Engineers.

Readily observable is the fact that if both suits were maintainable and, furthermore, suits in which plaintiff should prevail, a result would entail the duty of plaintiff to negotiate for itself in relation to

water storage space while T.R.A. was at the same time under the duty to negotiate for it in relation to the same space.

It is either conceded or established that Grapevine Reservoir is under the control of the Federal Government. The agency for it in respect to the administration of the water storage space allocation, use of water from the reservoir, etc., is the Corps of Engineers of the United States Army. Not under attack is the policy and rule of the Corps of Engineers that it will not deal or negotiate with anyone in relation to the rights in the water and space in the reservoir unless the person or entity is designated as the Board's agent for that purpose. The result is that the Corps of Engineers, having the control of Grapevine Reservoir and the allocation of storage rights, water use, etc. therein, stands ready to deal and negotiate with the Board or the Board's designated agent, but refuses to treat with any other person or entity.

Prior to the time plaintiff instituted any litigation whatever, the Board had entered an order which designated T.R.A. as (its) agent having authority to negotiate with the Corps of Engineers in relation to Grapevine Reservoir. Said order was dated August 10, 1959. By it T.R.A. was authorized to enter into preliminary agreements with the Corps for water storage, which might or might not become merged into contracts, dependent upon action attendant thereupon taken by the Board itself. That T.R.A. was authorized to be so appointed as an approved agency (for the Board) to so enter into preliminary contracts for the benefit of other purchasers (such as the plaintiff in the instant case) is to be observed in § 18(d) of V.A.T.S., Art. 8280–188, "Trinity River Authority".

Subsequent to the time T.R.A. was so designated, plaintiff became wholly dissatisfied. The territory of plaintiff's jurisdiction for the purposes of its creation was and is the Cities of Haltom City and Hurst, in Tarrant County. V.A.T.S., Art. 8280–173, "Northeast Tarrant County Water Authority". Said territory lies wholly within the "conservation and reclamation district" for the purposes under which the "Trinity River Authority of Texas" was created. V.A.T.S., Art. 8280–188. According to plaintiff there remained some water storage space within Grapevine Reservoir suitable for use in the alleviation of existing and prospective water shortages in Haltom City and Hurst. Plaintiff, justifiably, considered that it was under the duty to act for those to whom it was responsible. It reached the conclusion that T.R.A., in dereliction of the duty incumbent upon it in view of the Board's order, of August 10, 1959, to act in good faith and in plaintiff's behalf concerning the water and storage space in the reservoir which could be and would in reasonable probability be made available to alleviate the needs of plaintiff, was instead busying itself in the promotion of navigation projects outside the scope of its legitimate interest.

Thus is explained the suit of plaintiff in Travis County to eliminate T.R.A. as the "middleman" and obtain direct authority from the Board to act for itself in negotiating with the Corps of Engineers, —and the suit in Tarrant County (which necessarily or impliedly conceded inability to prevail by its Travis County suit) which sought to compel T.R.A. to perform a part of its designated duties as the agent for the Board, to-wit: to negotiate a contract which would, upon final accomplishment, make available to plaintiff (and those it represented) the water needed. Judgment in the Travis County case having become final, it is conclusive that plaintiff was not entitled to prevail by its suit there filed. Our problem is whether plaintiff was entitled to prosecute the Tarrant County case, as of the time the court abated and dismissed the same, either in whole or in part.

■ Concerning the propriety of dismissal of plaintiff's count which complained of activities of T.R.A. outside the scope of its authority, we have no doubt that the court's action was correct. Plaintiff could have no justiciable interest in the matter.

■ Entire abatement of plaintiff's case was also correct on the premise that plaintiff could not sustain such cause of action during the pendency of the Travis County case, and so long as judgment therein had not become final.

On the matter of propriety of the abatement of the entire suit because of a want of necessary parties, rules relative thereto would have application without regard to whether the judgment in the Travis County case had become final. Neither the United States nor the Corps of Engineers would be a proper or necessary party, but the Board was a necessary party and abatement of plaintiff's suit was proper since it had not been joined.

■ What we have said in the preceding paragraphs represents our decision on the questions presented in those points of error because of which the plaintiff, as the appellant, claims the right to a reversal of the judgment of dismissal. It should be apparent therefrom that we hold that the judgment order of the trial court was correct and should be affirmed. A major question, however, upon which we will take occasion to comment, is that relative to the propriety of suit abatement for want of the Board as a necessary party.

If we are correct in our attempted simplification, the question is this: "Is the principal a necessary party to a suit brought by the person against the principal's agent to enforce action by said agent to the benefit of the plaintiff, when the agent was appointed to perform action intended to benefit him?" We believe that the answer should be in the affirmative.

Under study in 9 Texas Law Review 112, an article on "Pleading—Omissions of Necessary Parties", was Butman v. Jones, 1930 (Tex.Civ.App., Eastland), 24 S.W.2d 796. The conclusion of the author was as follows: "It would seem that where the person who has the right or is responsible for the duty involved in the case is not made a party the defect is one of substantive law and not one of procedure, and objection to it should not be as readily waived as would be an objection regarding merely the convenience of the opposite party." We believe that the Board would be a necessary party to plaintiff's suit against T.R.A. because any dereliction of duty on the part of T.R.A. would be in respect to that for which it was made agent for the Board.

Other authorities from the reasoning in which we have been convinced that the Board was a necessary party in the instant case are: Town of Santa Rosa v. Johnson, 1944 (Tex.Civ.App., San Antonio), 184 S.W.2d 340; Burnett v. Masonic Grand Chapter of Order of Eastern Star, 1960 (Tex.Civ.App., Fort Worth), 340 S.W.2d 81; Hudspeth County Conservation & Reclamation District No. 1 v. Robbins, 1954 (CCA 5th), 213 F.2d 425; Miller v. Jennings, 1957 (CCA 5th), 243 F.2d 157; McCarty v. Jarvis, 1936 (Tex.Civ.App., Fort Worth), 96 S.W.2d 564, writ dism.; Oliphint v. Rigsby, 1951 (Tex.Civ.App., Galveston), 244 S.W.2d 293.

Judgment is affirmed.