**Jerry DONALD et al., Relators,**

v.

**Waggoner CARR, Attorney General, et al.,
Respondents.**

**No. 16846.**

Court of Civil Appeals of Texas.

Dallas.

July 29, 1966.

Howard Lydick, Richardson, for relators.

Henry Wade, Dist. Atty., Robert M. Hill, Dallas, Waggoner Carr, Atty. Gen., Mary K. Wall, Asst. Atty. Gen., Austin, for respondents.

DIXON, Chief Justice.

On July 12, 1966 Relators Jerry Donald, Stan Bynum, Bill Cherry, Suzanne Lytton and Howard Lydick filed their "First Amended Original Petition for Declaratory Judgment on Aritcle 13.09 of the Texas

Election Code, V.A.C.S.[1] and for Writs of Injunction and Mandamus." Relator Lydick is an attorney and represents all the Relators.

The Respondents are Waggoner Carr, Attorney General of Texas; Henry Wade, District Attorney of Dallas County; Tom Ellis, County Clerk of Dallas County; and John Leedom, Chairman of the Dallas County Republican Executive Committee.

Relators' petition sworn to by Attorney Lydick, alleges that Relators are citizens of the State of Texas and of the United States; that they are qualified voters under the laws and Constitution of the state; that they voted in the Republican Party Primary Election held on May 7, 1966; and that at that time they wrote in the titles of five offices not printed on the Primary ballot and the name of a qualified person for each office, said offices being Treasurer of Dallas County and Places Three, Nine, Thirteen and Fourteen of the Texas House of Representatives.

They further allege that the above mentioned votes were not counted by the Chairman of the Republican County Executive Committee and were not reported to the Committee because to do so would violate Article 13.09 of the Election Code, V.A. C.S.; that said statute violates their rights under Article 1, Sections 2, 3 and 19 of the Vernon's Ann.St. Constitution of Texas and the 14th Amendment to the Constitution of the United States;[2] that in practical effect the statute—Article 13.09 of the Election Code—applies only to the Republican Party; and the statute is an attempt to disfranchise the Republican voters of Texas and is an attempt by the Legislature to exercise power not granted to it.

Relators say that we have original jurisdiction to hear and grant their petition by virtue of Art. 1735a and Art. 2524–1, Sec. 1, Vernon's Ann.Civ.St.[3]

Relators pray that we declare Article 13.09 of the Election Code unconstitutional;

1. Art. 13.09, V.A.C.S., as amended in 1963, provides in part as follows: "On the general primary ballot, an appropriate space for a write-in candidate shall be provided under the title of each office. *If for any office, * * * there is no candidate whose name is to be printed on the general primary ballot, the title of the office shall not be printed on the ballot and no write-in vote for such office shall be counted.*" We have italicized the portion of the statute which Relators contend is unconstitutional.

2. The cited sections of the Texas Constitution read in part as follows:
  "Sec. 2. All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit."
  "Sec. 3. All free men, when they form a social compact, have equal rights, * * *."
  "Sec. 19. No citizen of this State shall be * * * in any manner disfranchised, except by the due course of the law of the land."
  Relators refer to that portion of the 14th Amendment, Sec. 1, of the Constitution of the United States as follows:
  "No State shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws."

3. Article 1735a provides in part as follows:
  "The Supreme Court, or any Court of Civil Appeals, shall have power, or authority, or jurisdiction, to issue the Writ of Mandamus, * * * against any Chairman or member of any Executive Committee, or primary committee, or primary election officer, of any political party, to compel the performance, in accordance with the laws of this State, of any duty imposed upon them, respectively, by law"
  Article 2524–1, Sec. 1, V.A.C.S. provides as follows:
  "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

that we issue an injunction against the County Clerk of Dallas County forbidding him to destroy the ballots cast in the Republican Primary Election of May 7, 1966; that we issue injunctions against the Attorney General of Texas and the District Attorney of Dallas County forbidding them to enforce Article 13.09; and that we issue a writ of mandamus against John Leedom, Chairman of the Executive Committee ordering him to count all votes cast in the Republican Primary Election of May 7, 1966 for the five offices heretofore mentioned.

We issued temporary ex parte restraining orders as prayed, and set Relators' petition for submission and oral argument on its merits on July 20, 1966.

In his written reply, John Leedom, County Republican Chairman, files (1) a plea to the jurisdiction; (2) a plea in abatement; (3) a plea in bar; (4) exceptions to the sufficiency of the affidavit of Relator Lydick; (5) a general denial; and (6) an answer setting up certain defenses to the issuance of a writ of mandamus. Attached to his pleading is an affidavit by Leedom as to certain facts.

The County Clerk filed an answer stating that the ballots in his possession would be held pending determination of Relators' petition. The other Respondents filed answers in which some of the pleas of the County Chairman were duplicated. An *amicus curiae* brief was filed by Douglas Bergman. All of the Respondents and the *amicus curiae* contend that Article 13.09 of the Election Code is not unconstitutional.

We sustain the plea to the jurisdiction of Respondent Leedom for these reasons:

■ 1. Being an appellate court we do not have authority to render declaratory judgments. It has been so held in Texas and other jurisdictions. Parr v. State, 293 S.W.2d 280 (Tex.Civ.App.); Walz v. Northcutt, 278 Ky. 616, 129 S.W.2d 124; State ex rel. Wulfing v. Mooney, 362 Mo. 1128, 247 S.W.2d 722; Bank of Yorktown v. Boland, 259 App.Div. 987, 20 N.Y.S.2d 1017, affd. 284 N.Y. 749, 31 N.E.2d 510; Dyar v. Bingham, 100 Ohio App. 304, 136 N.E.2d 444. Relators have not cited us to an instance of a declaratory judgment where the suit did not originate in a trial court.

■ 2. Certainly if it could ever be said that this court has jurisdiction to render declaratory judgments it could be only in those cases where the material facts are established beyond dispute. As an appellate court, we have no juries or other means available to us to try disputed fact issues. It cannot be held that Art. 2524–1, V.A.C.S., the Uniform Declaratory Judgments Act, changed us from an appellate court to a trial court with the powers of a judge or jury to hear evidence and resolve disputed fact issues. Section 9 of Art. 2524–1 expressly provides that when a suit for declaratory judgment involves an issue of fact, such issue is to be determined in the same manner as issues of fact are determined in other civil actions.

In this proceeding it has not been established beyond dispute (1) that Relators are qualified voters; (2) that they voted in the Republican Primary of May 7, 1966; (3) that they wrote in the titles of offices. not printed or shown on the ballots; (4) that they wrote in the names of candidates for said offices; or (5) that the persons. whose names were written in were qualified to be candidates.[4]

4. In the folder or jacket containing the court papers of this proceeding there is an unattached piece of paper which is blank except for the notation at the bottom, "Exhibit A". Pasted onto this piece of paper are five smaller pieces of paper consisting of printed forms which have been filled out as poll tax receipts containing the names of Relators. There is no explanation whatever accompanying "Exhibit A". The purported tax receipts bear no attestation, certification or authentication of any kind, either by the County Clerk, whose duty it is to issue poll tax receipts, or by any of the Relators. There is nothing to show that they

The only affidavit in behalf of Relators is that of Attorney Lydick. Since the law protects the voters and their individual votes with a mantle of secrecy, we must regard Attorney Lydick's affidavit as to how the Relators voted as hearsay with reference to all the Relators except himself. As to the names of candidates alleged to have been written in Attorney Lydick simply asserts that Relators "* * at the time wrote in the name of a qualified person for each such office." The quoted statement is merely a conclusion of law, even with respect to the write-in vote of Lydick himself. No facts are stated which would enable a trier of facts to make findings which would support a conclusion that the name of a "qualified person" had been written in. Anderson v. Polk et al., 117 Tex. 73, 297 S.W. 219, 224; Templeton v. Weatherly, Tex.Civ.App., 62 S.W.2d 286; McGuire v. City of Dallas et al., 151 S.W.2d 617 (Tex.Civ.App., error dism.); McMullen v. Glenn-Colusa Irr. District et al., 17 Cal.App.2d 696, 62 P.2d 1083, 1086. The record contains no evidence from the other Relators by deposition, affidavit or otherwise in regard to the material facts alleged. Nowhere in the record is there mentioned the name of any of the persons whose names are alleged to have been written in.

In the County Chairman's affidavit he swears that in the precinct where Relator Jerry Donald lives the return made by the precinct election judge does not show any write-in votes for offices not shown on the ballot.

■ 3. It has often been held that the Uniform Declaratory Judgments Act is not intended to give jurisdiction where none exists, or to confer additional jurisdiction, but is merely a procedural device. Cowan v. Cowan, 254 S.W.2d 862 (Tex.Civ.App.); Phillips v. City of Odessa, 287 S.W.2d 518 (Tex.Civ.App.); Lam Tat Sin v. Esperdy, 2 Cir., 334 F.2d 999, cert. denied, 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 176; 26 C.J.S. Declaratory Judgments § 113, page 255; 149 A.L.R. 1103.

■■ 4. As to the writ of mandamus for which Relators petition: it is true that Art. 1735a, V.A.C.S. gives jurisdiction to the Supreme Court or any Court of Civil Appeals to issue the writ of mandamus to compel various election officers to perform their duties in accordance with the laws of the state. But we hold with reference to the above statute as we did with reference to Art. 2524–1, V.A.C.S., that the statute does not change this court from an appellate court to a trial court. Under Articles 1823 and 1824, V.A.C.S., as well as Article 1735a, we have authority to issue writs of mandamus, but it is well established that we do not have such authority unless the facts are established beyond dispute. Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709 (Tex.Com.App. opinion adopted by Supreme Court), rehearing denied, 121 Tex. 467, 51 S.W.2d 1113; Austin v. City of Alice, 193 S.W.2d 290, 293 (Tex.Civ.App., writ ref., n. r. e.); Dick et al. v. Kazen, 156 Tex. 122, 292 S.W.2d 913, 915.

If we be mistaken in holding that we do not have jurisdiction to entertain Relators' petition for declaratory judgment and mandamus we nevertheless should deny their petition because we believe Respondents' pleas in abatement must be sustained not only for the reasons stated in connection with our sustaining of the pleas to the jurisdiction, but for these additional reasons:

■ (1) The main purpose of a declaratory judgment is preventive in nature. It is intended as a means, unknown to the common law, for determining the rights of parties when a controversy has arisen even before any wrong has actually been committed. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; Arter-

---

are original receipts, or are true and correct copies of the original receipts. "Exhibit A" was delivered to the Clerk of this court several days after the submission of Relators' petition and oral argument thereon. "Exhibit A" and the forms pasted to it are not evidence in this proceeding and cannot be accepted as such.

bury v. United States Nat'l Bank, 194 S.W. 2d 803 (Tex.Civ.App., no writ hist.); Ainsworth v. Oil City Brass Works, Tex.Civ. App., 271 S.W.2d 754; Scott-Burr Stores Corp. v. Wilcox, 5 Cir., 194 F.2d 989; Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, cert. denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454. Here Relators plead that the alleged wrong has already been committed: the County Chairman has failed to count their votes. They are not seeking to prevent an alleged wrong; for they do not ask that election officials be required to place on the official ballot for the general election in November the names of any of the candidates whose names Relators say they wrote in in the May Republican Primary. Section 6 of the Uniform Declaratory Judgments Act, Art. 2524–1, V.A.C.S., expressly provides that a court may refuse to enter a declaratory judgment "where such judgment * * would not terminate the uncertainty or controversy giving rise to the proceeding."

 (2) It is not the duty of the County Chairman to count the votes cast in the election except to total the returns as delivered to him by the precinct election judges. It is the duty of the latter officials to count the votes cast by the individual voters in their respective precincts, then place the ballots in a box which is delivered to the County Clerk. Articles 13.23 and 8.32, Election Code. A copy of the returns as so prepared by the precinct election judges is delivered to the chairman of the political party holding the election. Articles 13.24, 8.29 and 8.29b, Election Code. The returns and the tally lists are canvassed by the Executive Committee, and the result of the election declared by the committee. We shall not issue the writ of mandamus prayed for by Relators for to do so would be to order the County Chairman of the Republican Party to perform acts which under the law it is not his duty to perform. City of McAllen v. Daniel, 147 Tex. 62, 211 S.W.2d 944; Taliaferro v. Hale, Tex.Civ.App., 47 S.W. 2d 340; 55 C.J.S. Mandamus § 64, p. 104.

(3) We think the precinct election judges whose duty it was to count the votes in the five precincts (the precincts are not designated in the petition) where Relators allege they voted are necessary parties to this proceeding. City of Beaumont v. Stephenson, Tex.Civ.App., 95 S.W. 2d 1360, error dismissed; Northeast Tarrant County Water Authority v. Trinity River Authority of Texas, Tex.Civ.App., 370 S.W.2d 746, 749; 55 C.J.S. Mandamus § 252a, p. 470.

For the reasons stated we have concluded that the petition of Relators should be dismissed. It is so ordered.

Dismissed.