

# NUMBER 13-20-00084-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF THE RILEY FAMILY REVOCABLE TRUST

On appeal from the 18th District Court
of Somervell County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Angela Funicello Lauth, Gina Lynn Funicello, and Philip Wayne Solberg[1] appeal from an adverse ruling rendered in a declaratory judgment action initiated by Angela to construe the Riley Family Revocable Trust Agreement (the Trust). Appellants contend the trial court erroneously found that "it was the intent of [Willaim L. Riley and Imogene Riley,] the Trustors[,] that the 'primary residuary beneficiaries' of [the Trust] include all the

---

[1] Many of the parties share the same last name, accordingly, unless otherwise specified, we will address the parties by their first names for clarity.

'descendants' of the Trustors and that the descendants of the Trustors inherit 'per stirpes.'"[2] We reverse and render.

## I. BACKGROUND[3]

The Trustors created the Trust on June 27, 2012. William died on or about September 19, 2013, and Imogene died on or about August 25, 2017. Angela, a granddaughter of Trustors, was appointed as Trustee of the Trust.

On or about February 7, 2019, Angela filed a petition for declaratory judgment regarding "the inconsistency, ambiguity of interpretation, construction and/or application of who the beneficiaries are under the terms of [the Trust]." Angela's petition specifically requested a declaration of "who takes in the distribution of remaining [Trust] property," suggesting it was either:

A. the primary residuary beneficiaries as declared under Section 2.01, the Trustor's children and descendants; or

B. the named beneficiaries as outlined in Section 2.01; or

C. the children and grandchildren who survive both Trustors under 6.01B.

Depending on whom the trial court declared was entitled to a share, Angela requested the court determine what share was owed.

Elaine Riley, daughter of Trustors, filed a counter-petition for declaratory judgment

---

[2] As defined in the "definitions and general provisions" of the Trust,

Property distributed "per stirpes" to the descendants of an individual shall be divided into as many equal shares as there are children of the individual either then living or then deceseased leaving one or more descendants then surviving; each surviving child (if any) shall take one share and the share for a deceased child shall be divided among her descendants in the same manner.

[3] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

in support of her position that the Trust assets be distributed in equal shares to the surviving children and grandchildren of Trustors. Stephen Riley, son of Trustors, filed a motion for summary judgment alleging that the Trust contained no inconsistencies or ambiguities because it clearly listed the beneficiaries by name. Separate attorneys ad litem were appointed for the minor heirs and unknown heirs. Both asserted that the Trust was ambiguous and suggested an evidentiary hearing was required before the trial court could make a determination.

Subsequently, the trial court entered an order acknowledging all of the pleadings before it, finding "that it was the intent of the Trustors that the 'primary residuary beneficiaries' include all the 'descendants' of the Trustors as defined in the document and that the descendants inherit 'per stirpes' as defined in the document." The parties filed cross-motions for clarification of the trial court's order, as they could not agree on the interpretation thereof. Angela and the attorneys ad litem for the minor heirs and unknown heirs filed a joint motion requesting the court set out "by name the individual(s) who are to receive an equal or per stirpes share" of the Trust. Angela and the attorneys ad litem ultimately interpreted the order to mean the Trust estate was to be divided into seventeen equal shares—fifteen surviving named beneficiaries and two deceased, the descendants of the deceased to receive their share per stirpes. Elaine and Stephen filed a joint motion wherein they stated their interpretation of the trial court's order "to mean the *descendants* of [Trustors] inherit *per stirpes*, and that the descendants are determined as of the date of death of Imogene Riley, as she was the last Trustor to die." (Emphasis in original). Elaine and Stephen interpreted the order to mean the children of Trustors each receive

3

1/4 of the Trust estate with the descendants of the deceased Brenda Bragg (Trustor's daughter) to receive her 1/4 share per stirpes.

In response to the cross-motions to clarify, the trial court issued an "Order to Clarify Order on Motion for Declaratory Judgment," which ordered the Trust be distributed as outlined in Elaine and Stephen's joint motion. This appeal followed.

## II. DISCUSSION

Appellants argue that the trial court erroneously interpreted the Trust and contend that the trial court should have entered an order finding that the children and grandchildren who satisfied the survival condition take in respective 1/15 shares.

### A. Standard of Review & Applicable Law

The purpose of a declaratory judgment is to obtain a clarification of one's rights. *J.E.M. v. Fidelity & Cas. Co. of New York,* 928 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1996, no writ). We review a declaratory judgment under the same standards as other judgments and decrees. TEX. CIV. PRAC. & REM. CODE ANN. § 37.010. We review the trial court's declaratory judgment de novo. *Tittizer v. Union Gas Corp.,* 171 S.W.3d 857, 860 (Tex. 2005).

Our primary inquiry in interpreting a will is to determine the intent of the testator. *Gee v. Read*, 606 S.W.2d 677, 680 (Tex. 1980). In doing so, the language of a single clause will not govern but must be read in the context of the entire instrument. *Eldridge v. Marshall Nat'l Bank*, 527 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Every clause and paragraph should be given a construction that makes it consistent with the document as a whole. *Bloodworth v.*

4

*Bloodworth*, 467 S.W.2d 218, 220 (Tex. App.—Eastland 1971, writ ref'd n.r.e.). Further, we determine the testator's intent from the language used within the four corners of the instrument. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). If the will is unambiguous, courts should not go beyond its specific terms in search of the testator's intent. *Id.* Accordingly, in the absence of ambiguity, extrinsic evidence may not be introduced to show that the testator intended something outside of the words used. *Id.*

In reviewing a declaratory judgment, we have a duty to render the judgment the trial court should have rendered. *See City of Galveston v. Giles*, 902 S.W.2d 167, 172 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Scurlock Permian Corp. v. Brazos Cnty*, 869 S.W.2d 478, 488–89 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We may only render judgment when, as here, the material facts are undisputed. *See Mitchell v. Rancho Viejo, Inc.*, 736 S.W.2d 757, 762 (Tex. App.—Corpus Christi–Edinburg 1987, writ ref'd n.r.e.) (citing *Donald v. Carr*, 407 S.W.2d 288, 291 (Tex. App.—Dallas 1966, no writ)).

## B.    Analysis

In its order, the trial court stated it considered "the entirety of the trust document, giving effect to every part of the document where the language can be reasonably construed in a harmonious fashion," specifically noting certain paragraphs from the Trust that it considered: section 2.01, section 6.01(A), and section 9.01(A), (B), and (I). In article two, section 2.01, the Trust states:

> The primary beneficiaries of this Trust are the Trustors, WILLIAM L. RILEY and IMOGENE RILEY. Upon the death of both Trustors, the primary residuary beneficiaries of this Trust are the children of the Trustors, BARBARA JEAN RILEY JONES, BRENDA JUNE RILEY BRAGG,

5

STEPHEN MARCUS RILEY, and ELAINE RILEY, and their descendants. At present, Trustors have thirteen grandchildren, whose names are PHILLIP WAYNE SOLBERG, ANGELA MARI FUNICELLO, GINA LYNN FUNICELLO, SHAWN DANIEL CARLILE, CHRISTOPHER EARL CARLILE, AARON BRYAN CARLILE, AMY MICHELLE CARLILE, MATTHEW KYLE BRAGG, TIMOTHY EARL BRAGG, STEPHANIE RENEA RILEY, MICHAEL ANTHONY SGROI III, BRANDON WILLIAM SGROI, and NATHAN RYAN SGROI. For purposes of this Trust Agreement, the terms "issue" or "descendant" shall not include any child adopted by a grandchild of the Trustors.

(Birthdates of the children and grandchildren of the Trustors have been omitted.).

Article six of the Trust controls "disposition of all property of the Trustors upon death of the surviving Trustor . . . ." Section 6.01(A) states, in relevant part, that "household furnishings and personal effects" shall be distributed "to the surviving children and grandchildren of the Trustors . . . ." Though not listed as specifically considered by the trial court, section 6.01(B) states in its entirety: "The Trustee shall distribute the remaining Trust Property, in equal shares, to the children and grandchildren of the Trustors who survive both Trustors."

Section 9.01 contains the definitions and general provisions. Descendants is defined in part as: "the natural born children of the person designated and the issue of such children, but shall not include any persons adopted by the issue of such children" and beneficiary "means a person to whom assets are or may be currently distributed." Per section 9.01(I),

property distributed 'per stirpes' to the descendants of an individual shall be divided into as many equal shares as there are children of the individual either then living or then deceased leaving one or more descendants then surviving; each surviving child (if any) shall take one share and the share for a deceased child shall be divided among his or her descendants in the same manner.

6

The trial court found "that it was the intent of the Trustors that the 'primary residuary beneficiaries' include all the 'descendants' of the Trustors as defined in the document and that the descendants inherit 'per stirpes' as defined in the document." Upon clarification, the trial court specified the inheritance as follows:

| NAME | | SHARE OF ESTATE |
|---|---|---|
| A. | Barbara Jean Jones, *daughter* | 1/4 |
| B. | Stephen Marcus Riley, *son* | 1/4 |
| C. | Elaine Sgroi, *daughter* | 1/4 |
| D. | ~~Brenda Bragg~~, *~~deceased daughter~~* | |
| i. | Christopher Earl Carlile<br>(*grandchild and son of Brenda Bragg)* | 1/24 [1/6 of 1/4] |
| ii. | ~~Shawn Carlile~~, ~~deceased~~<br>(*grandchild and son of Brenda Bragg)* | |
| a. | Kaitlyn Carlile Windlow<br>(*great-grandchild and adult daughter of Shawn Carlile)* | 1/24 [1/6 of 1/4] |
| iii. | Aaron Bryan Carlile<br>(*grandchild, son of Brenda Bragg)* | 1/24 [1/6 of 1/4] |
| iv. | Amy Michelle Carlile<br>(*grandchild, daughter of Brenda Bragg)* | 1/24 [1/6 of 1/4] |
| v. | Matthew Kyle Bragg<br>(*grandchild, son of Brenda Bragg)* | 1/24 [1/6 of 1/4] |
| vi. | Timothy Caleb Bragg<br>(*grandchild, son of Brenda Bragg)* | 1/24 [1/6 of 1/4] |

(Strikethrough text in original). Appellants argue that this interpretation "violates both the provision for an equal share distribution and the condition of survivorship for any interest

7

to vest."

In interpreting the provisions of a trust instrument, if possible, we must construe the instrument to give effect to all provisions so that no provision is rendered meaningless. *Eckels v. Davis*, 111 S.W.3d 387, 694 (Tex. App.—Fort Worth 2003, pet. denied). We must determine the Trustors' intent from the four corners of the trust. *Id*. Although the parties contend there are no ambiguities in the Trust, they disagree on the interpretation of the Trust.[4]

### 1.    Primary Residuary Beneficiaries

The trial court was first asked to determine who the primary residuary beneficiaries of the Trust are. At the outset, the Trust defines the beneficiaries in section 2.01, listing the Trustors' then living children and grandchildren. After listing the children of the Trustors, the section states, "and their descendants." Accordingly, the intent of section 2.01 was for the beneficiaries to be the Trustors' children and the "natural born children of the [Trustor's children] and the issue of such children," as the term descendants is defined. Therefore, a plain reading of the Trust indicates the primary residuary beneficiaries are the natural born children, grandchildren, and great-grandchildren of the Trustors.

### 2.    Distribution of Property

The trial court was also asked to determine which beneficiaries share in the disposition of the Trust's property. The term beneficiary is defined in section 9.01(c) as "a person to whom assets are or *may* be currently distributed." (Emphasis added). By

---

[4] We note that appellees included a short section stating that even if the Trust were ambiguous, the trial court's reasoning was sound.

including the phrase "may," not every beneficiary must necessarily share in the distribution of the property. *See Rosen v. Wells Fargo Bank Tex., N.A.*, 114 S.W.3d 145, 149 (Tex. App.—Austin 2003, no pet.) (stating that we focus not on what the testator intended to write, but the meaning of the words actually used). As set forth in article six, which controls the disposition of the Trust estate, section 6.01(a) states that the property "shall" be distributed "to the surviving children and grandchildren of the Trustors . . . ." Section 6.01(B) specifies that the children and grandchildren "who survive both Trustors" take "in equal shares," in the disposition of the Trust property.

The parties do not dispute that the Trust imposes a condition of survivorship. They do, however, interpret the condition differently. Appellants suggest that only the children and grandchildren who survived both Trustors take, in equal shares. On the other hand, appellees contend the trial court did not err in determining that all surviving descendants of Trustors take, per stirpes. We note, however, that appellees' interpretation of the trial court's order to include those descendants who survived Trustors, is an inaccurate interpretation as not all descendants were apportioned a share. Rather the trial court's order divided the Trust into four equal portions: one for each child of the Trustors; and because Brenda did not survive both Trustors, the trial court divided her 1/4 share amongst her six children, one of whom was deceased and his share was given to his daughter, Brenda's grandchild. Accordingly, the trial court's order did not divide the Trust amongst all the Trustors' descendants "in equal shares," as implied by appellees.

Appellees argue that we must find that section 6.01(b) of the Trust affirms, rather than contradicts, section 2.01, however "we must give effect to, and harmonize, *all* the

9

language, even if the second and third clauses might initially appear inconsistent or contradictory to the entire first clause." *Hoffman v. Thomson*, No. 04-19-00771-CV, ___ S.W.3d __, __, 2021 WL 881286, at \*4 (Tex. App.—San Antonio Mar. 10, 2021, no pet.) (emphasis in original) (citing *Wenske v. Ealy*, 521 S.W.3d 791, 795 (Tex. 2017) ("[O]ur rules for deed construction have moved even more decisively toward (1) a focus on the intent of the parties, expressed by the language within the four corners of the deed, and (2) harmonizing all parts of an instrument, even if particular parts appear contradictory or inconsistent."); *Hysaw v. Dawkins*, 483 S.W.3d 1, 13 (Tex. 2016); *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991) ("Even if different parts of the deed appear contradictory or inconsistent, the court must strive to harmonize all of the parts, construing the instrument to give effect to all of its provisions.")).

Having read the entire Trust and examined the relevant clauses and definitions, we also consider the document's structure for indications of intent. *See U.S. Shale Energy II, LLC v. Laborde Props., L.P.*, 551 S.W.3d 148, 153 (Tex. 2018) ("We therefore must harmonize the language in the reservation based on the structure of the provision itself."). While section 2.01 is the "identification of beneficiaries," we note that article six states specifically that it "shall control the disposition of all property of the Trustor's upon the death of the surviving Trustor." Article six does not conflict with the identification of beneficiaries, but rather it serves to clarify who takes and in what amount.

Accordingly, to give full effect to section 2.01, we read it to identify who the beneficiaries of the Trust are and note that per the definition, beneficiaries "may" be entitled to take in distribution of the Trust. We construe section 6.01 as controlling the

distribution of the Trust, distributing in "equal shares" to the "children and grandchildren of the Trustors who survive both Trustors." Ultimately, we conclude this clause intends the following distribution:

| NAME | | SHARE OF ESTATE |
|---|---|---|
| A. | Barbara Jean Jones, *child* | 1/15 |
| B. | Stephen Marcus Riley, *child* | 1/15 |
| C. | Elaine Sgroi, *child* | 1/15 |
| D. | Philip Wayne Solberg, *grandchild* | 1/15 |
| E. | Angela Funicello Lauth, *grandchild* | 1/15 |
| F. | Gina Lynn Funicello, *grandchild* | 1/15 |
| G. | Christopher Earl Carlile, *grandchild* | 1/15 |
| H. | Aaron Bryan Carlile, *grandchild* | 1/15 |
| I. | Amy Michelle Carlile, *grandchild* | 1/15 |
| J. | Matthew Kyle Bragg, *grandchild* | 1/15 |
| K. | Timothy Caleb Bragg, *grandchild* | 1/15 |
| L. | Stephanie Renee Riley, *grandchild* | 1/15 |
| M. | Brandon William Sgroi, *grandchild* | 1/15 |
| N. | Nathan Ryan Sgroi, *grandchild* | 1/15 |
| O. | Michael Anthony Sgroi, *grandchild* | 1/15 |

The trial court erred when it distributed the property per stirpes as the Trust does not indicate any intent to distribute the property per stirpes, but rather clearly indicates it shall be distributed in equal shares. Accordingly, we sustain appellants' two issues.

11

### III. CONCLUSION

The judgment of the trial court is reversed and we render judgment declaring that the surviving children and grandchildren of the Trustors as specified above take in the distribution of the remaining Trust property in equal 1/15 shares.

NORA L. LONGORIA
Justice

Delivered and filed on the
22nd day of July, 2021.