

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE | § | No. 08-25-00171-CV |
| OSCAR MARTINEZ, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
|  | § |  |

## MEMORANDUM OPINION

Relator, Oscar Martinez, has filed a petition for writ of prohibition, seeking (1) a writ of prohibition preventing the trial court from continuing to proceed in the case in the court below, (2) "a temporary stay on all actions against the petitioner," and (3) a declaration "that any enforcement actions taken without a verified contract or sworn affidavit of obligation are unlawful and unenforceable."

The jurisdiction of a court of appeals is limited to appellate matters "unless the legislature confers original jurisdiction by statute." *Stokes v. State*, No. 12-04-00166-CR, 2004 WL 1192806, at *1 (Tex. App.—Tyler May 28, 2004, no pet.) (mem. op., not designated for publication); *see* Tex. Const. art. V, § 6(a). "Regarding a writ of prohibition, section 22.221(a) of the Government Code sets the limits of [a court of appeals'] jurisdiction to issue writs." *In re Clarkson*, No. 08-05-00299-CR, 2005 WL 2313768, at *1 (Tex. App.—El Paso Sept. 22, 2005, orig. proceeding) (not designated for publication) (per curiam) (citing Tex. Gov't Code Ann.

§ 22.221(a)). That statute grants a court of appeals authority to "issue a writ of mandamus and all other writs *necessary to enforce the jurisdiction of the court*." Tex. Gov't Code Ann. § 22.221(a) (emphasis added). Thus, § 22.221(a) provides a court of appeals with authority to issue a writ of prohibition only "to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments." *Holloway v. Fifth Ct. of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989); *see Tex. Emp.'s Ins. Ass'n v. Kirby*, 152 S.W.2d 1073 (Tex. 1941); *In re Drake*, No. 05-21-00570-CV, 2021 WL 3073311, at *1 (Tex. App.—Dallas July 20, 2021, orig. proceeding) (mem. op.).

Here, there is "no pending proceeding before us for which the issuance of a writ of prohibition would be necessary to enforce our jurisdiction." *Clarkson*, 2005 WL 2313768, at *1. Furthermore, Martinez does not seek a writ of prohibition "for the purpose of protecting or enforcing any judgment of this Court, or for the purpose of protecting or enforcing its jurisdiction." *Kirby*, 152 S.W.2d at 1073. As a result, we lack jurisdiction to issue a writ of prohibition in this proceeding. *See, e.g.*, *Kirby*, 152 S.W.2d at 1073; *Clarkson*, 2005 WL 2313768, at *1.

Moreover, to the extent Martinez seeks a declaration "that any enforcement actions . . . are unlawful and unenforceable," we are not aware of any statute that provides us with jurisdiction to render a declaratory judgment, and Martinez cites us to no such statute. *See Stokes*, 2004 WL 1192806, at *1; *Mosby*, 2003 WL 21026733, at *2; *see also In re Stephens*, No. 14-19-00492-CV, 2019 WL 3121793, at *2 (Tex. App.—Houston [14th Dist.] July 16, 2019, orig. proceeding) (mem. op.) (per curiam) ("A court of appeals lacks jurisdiction to render declaratory judgments in original proceedings."); *Donald v. Carr*, 407 S.W.2d 288, 291 (Tex. App.—Dallas

1966, orig. proceeding) ("Being an appellate court we do not have authority to render declaratory judgments.").

Accordingly, we dismiss this proceeding for want of jurisdiction. Any pending motions are dismissed as moot.

MARIA SALAS MENDOZA, Chief Justice

July 29, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.